UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE BENTLEY, :
: CIVIL ACTION NO. 3:23-0088
Petitioner :
: (JUDGE MANNION)
v. :
:
J.L. JAMESON, WARDEN :
:
Respondent :

### MEMORANDUM

Petitioner, Tyrone Bentley, an inmate confined in the Allenwood Federal Correctional Center, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2012 conviction in the United States District Court for the Eastern District of Pennsylvania for conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§371 and 2113(d) (Count 1); armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(d) (Count 2); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §924(c)(1) (Count 3) Id. A response (Doc. 8) and traverse (Doc. 9) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition for lack of jurisdiction.

I. **Background**

On January 9, 2012, a jury in the Eastern District of Pennsylvania convicted Bentley on conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§371 and 2113(d) (Count 1); armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(d) (Count 2); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §924(c)(1) (Count 3). See United States v. Bentley, 2:10-CR-00525 (E.D. Pa.), Doc. 86. In August 2012, the district court sentenced him to an aggregate term of 408 months' imprisonment consisting of 60 months for Count 1, 108 months for Count 2 (to be served concurrently with each other), and 300 months for the §924(c)(1) conviction in Count 3 (to be served consecutively to Counts 1 and 2). Id.

In June 2013, the Third Circuit affirmed the conviction, rejecting Bentley's claims based on the use of evidence recovered in violation of the Fourth Amendment and insufficient evidence to support his conviction. United States v. Bentley, 528 F. App'x 247 (2013). The sentencing court thereafter denied Bentley's initial §2255 motion for raising the same sufficiency of evidence claim raised and addressed by the Third Circuit in his direct appeal, as well as numerous other meritless arguments. United States v. Bentley, 2015 WL 12743602 (E.D. Pa. June 10, 2015).

Subsequently, the Third Circuit authorized Bentley to file a successive §2255 motion in which he asserted that his §924(c) conviction was invalid pursuant to the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019) which held that the residual clause of §924(c) is unconstitutionally vague. United States v. Bentley, No. 2:10-CR-00525 (E.D. Pa.), Docs. 149, 176. The sentencing court, however, rejected Bentley's Davis claim, noting that his armed robbery conviction constitutes a violent predicate offense for purposes of his §924(c) conviction because armed bank robbery is a crime of violence under §924(c)(3)'s surviving elements clause. Id., Doc. 176 at 4-5 (citing United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018)). The Third Circuit denied Bentley a certificate of appealability. Id. at Doc. 181.

On May 26, 2022, Bentley filed his first habeas petition pursuant to 28 U.S.C. §2241, in the United States District Court for the Eastern District of Pennsylvania, which, on June 15, 2022, transferred the case to this Court as the district of Bentley's confinement. Bentley v. Jameson, No. 3:22-CV-0960 (M.D. Pa. Dec. 28, 2022).

On June 3, 2022, Bentley filed a motion with the United States Court of Appeals for the Third Circuit seeking leave to file a successive §2255

motion based on the same Borden claim raised in the petition that was pending in this Court. In re: Tyrone Bentley, No. 22-2047 (3d Cir.).

On December 28, 2022, this Court dismissed Bentley's petition for lack of jurisdiction. Bentley v. Jameson, No. 3:22-CV-0960 (M.D. Pa. Dec. 28, 2022).

On January 4, 2023, the Third Circuit denied Bentley's motion to file a second or successive §2255 motion, determining that the United States Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), is a decision involving statutory interpretation, not a rule of constitutional law, and thus, it fails to satisfy §2255(h)(2)'s requirements for filing a new motion. See 28 U.S. §2255(h)(2) (requiring a proposed new motion to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable"). In re: Tyrone Bentley, No. 22-2047 (3d Cir.).

On January 17, 2023, Bentley filed the instant petition for writ of habeas corpus. (Doc. 1). He again relies on the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), and asserts his §2113(d) conviction can no longer serve as a predicate offense to his §924(c) conviction because a §2113(d) offense can be committed with a *mens rea* of recklessness and therefore does not constitute a crime of violence. Id.

- 4 -

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e). Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> ***
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Subsection (e) is commonly referred to as the "saving clause."

In in Jones v. Hendrix, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023), the petitioner filed a §2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of conviction. 2023 WL 4110233 at *4. He had previously filed a §2255 petition, which was adjudicated on the merits. Id. He argued that he could pursue a new challenge to his sentence in a §2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, so his §2255 remedy had been "inadequate or ineffective" to test the legality of his sentence. Id. The U.S. Supreme Court affirmed the district court's dismissal of his §2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize...an end-run around [§ 2255(h)]. In §2255(h), Congress enumerated two—and only two— conditions in which a second or successive §2255 motion may proceed. Because §2255 is the ordinary vehicle for a

> collateral attack on a federal sentence, the straightforward negative inference from §2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Id. at *7 (expressly overruling Third Circuit's application of the saving clause in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

In this case, Bentley challenges his conviction, but he previously filed a §2255 petition that was denied. Thus, under Jones, he cannot challenge his sentence with a §2241 petition unless it fits within the parameters of §2255(h). Jones, 2023 WL 4110233, at *5 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive §2255 motions by filing a §2241 petition."). And the Third Circuit has already found that Bentley's claim does not satisfy §2255(h). His § 2241 petition—which seeks relief based on the Supreme Court's decision in Borden—is thus an unauthorized successive collateral attack on his sentence. Jones, 2023 WL 4110233, at *9 ("Congress has chosen finality over error correction...."). Consequently, Bentley's petition will be dismissed for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, Bentley's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

MALACHY E. MANNION
United States District Judge

Dated: July // , 2023
23-0088-01